**GENERAL DYNAMICS CORPORATION, ELECTRIC BOAT DIVISION, Petitioner,**

v.

**BENEFITS REVIEW BOARD and Director, Office of Workers' Compensation Program, United States Department of Labor, Sammie L. Gray, and Insurance Company of North America, Respondents.**

**GENERAL DYNAMICS CORPORATION, ELECTRIC BOAT DIVISION, Petitioner,**

v.

**BENEFITS REVIEW BOARD and Director, Office of Workers' Compensation Program, United States Department of Labor, Insurance Company of North American and Helen Sobolewski, widow of Joseph Sobolewski, Deceased, and the Estate of Joseph Sobolewski, Deceased, Respondents.**

Nos. 26, 101, Dockets 77–4049, 77–4088.

United States Court of Appeals, Second Circuit.

Argued Sept. 26, 1977.
Decided Oct. 26, 1977.

---

Daniel J. Dougherty, New York City (Kirlin, Campbell & Keating, New York City, Louis J. Gusmano, Alexander Vitale, New York City, of counsel; Murphy & Beane, Boston, Mass., on the brief), for petitioner Dockets Nos. 77–4049 and 77–4088.

Ronald E. Meisburg, Atty., U. S. Dept. of Labor, Washington, D. C. (Carin Ann Clauss, Sol. of Labor, Laurie M. Streeter, Assoc. Sol., U. S. Dept. of Labor, Washington, D. C.), for respondent Office Workers' Compensation Program Dockets Nos. 77–4049 and 77–4088; Mary A. Sheehan, Atty., U. S. Dept. of Labor, Washington, D. C., for respondent Office Workers' Compensation Program Docket No. 77–4088.

Matthew Shafner, Groton, Conn. (O'Brien, Shafner, Garvey, Bartinik & Stuart, Groton, Conn.), for respondents Gray, Sobolewski and Estate of Joseph Sobolewski.

Frank W. Daley, New Haven, Conn., for respondent Ins. Co. of North America.

Before MOORE, FEINBERG and MULLIGAN, Circuit Judges.

MULLIGAN, Circuit Judge:

These petitions for review are governed by the prior opinion of this court in *Travelers Insurance Co. v. Cardillo*, 225 F.2d 137 (2d Cir.), cert. denied, 350 U.S. 913, 76 S.Ct. 196, 100 L.Ed. 800 (1955). The petitioner has failed to distinguish the facts here from those encountered in that case and we have not been asked to reconsider it. In any event, we reaffirm its rule which has gained broad acceptance in the field of workmen's compensation law.

General Dynamics Corporation, Electric Boat Division (General Dynamics) brings these petitions for review, pursuant to 33 U.S.C. § 921, from two decisions of the Benefits Review Board of the United States Department of Labor (the Board) which affirmed and affirmed as modified the decisions and orders of Administrative Law

Judges, finding General Dynamics liable as an employer and as a self-insured carrier for awards to the estate and the widow of Joseph Sobolewski and to Sammie Gray.

## I. THE FACTS

a) Sobolewski was employed by General Dynamics in 1941. From 1955 to 1973 he worked as a pipe lagger and pipe coverer installing asbestos insulation in vessels built by his employer. Medical records of General Dynamics indicated that from 1968 on he was suffering from asbestosis and pulmonary fibrosis. On June 29, 1973 he became totally disabled and was forced to leave his job with a condition later diagnosed as carcinoma of the lung. He died on October 10, 1973. After a claim for compensation was made, a hearing was held before an Administrative Law Judge, United States Department of Labor, on January 9, 1976. Medical experts on both sides agreed that Sobolewski's cancerous condition existed by January, 1973 at the latest. The Administrative Law Judge found that it was the cause of his death. He further found that there was no evidence that Sobolewski was ever "intelligently aware that he was suffering from lung cancer causally related to his work environment, nor is there any indication that the Decedent was ever apprised that he was suffering from asbestosis or lung cancer." App. at 21a. In his decision and order filed June 18, 1976, the Administrative Law Judge awarded to Sobolewski's estate and widow compensation for permanent total disability from June 29, 1973 and found General Dynamics solely liable as both employer and insurer for all benefits awarded. The Benefits Review Board affirmed on February 16, 1977, finding no evidence that Sobolewski was aware of his occupational disease prior to his hospitalization in July, 1973.

b) Gray was also employed by General Dynamics as a pipe lagger from 1962 to 1969 and again from 1970 to 1973. On September 27, 1973 he became totally disabled and was forced to leave his employment because of pulmonary complaints. Gray was not advised until he was hospitalized in October, 1973 that he was suffering from asbestosis, which results from inhalation of asbestos fibers, a hazard he was only exposed to by reason of his employment with General Dynamics. Gray filed a claim for total disability and the Administrative Law Judge found Gray to be temporarily totally disabled. The Board modified the award by finding Gray permanently totally disabled by reason of his asbestosis. General Dynamics was found responsible as both employer and carrier for the payment of benefits.

## II. THE LAW

■ On this appeal General Dynamics does not dispute the findings in either case that it bears responsibility as an employer. The only issue raised here is with respect to the Board's finding in both cases that General Dynamics is liable as a carrier. It is undisputed that from 1954 to April 1, 1973 the Insurance Company of North America (INA) was the workmen's compensation carrier for General Dynamics, and that after that date petitioner became a self-insurer. The awards were made under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.* (the Act). The Board in both cases applied the rule of *Travelers Insurance Co. v. Cardillo, supra*, 225 F.2d at 145, which is that:

> the carrier who last insured the "liable" employer during the claimant's tenure of employment, prior to the date claimant became aware of the fact that he was suffering from an occupational disease arising naturally out of his employment, should be held responsible for the discharge of the duties and obligations of the "liable" employer.

General Dynamics concedes it was the liable employer. Therefore, since neither Sobolewski nor Gray became aware that he was suffering from occupational diseases until months after General Dynamics had become a self-insurer, the decision of the Board that General Dynamics incurred liability as a carrier is patently correct under the *Cardillo* rule.

Petitioner seeks to distinguish *Cardillo* by urging that the uncontested medical evidence in both of these cases establish the existence of the occupational diseases (lung cancer in the case of Sobolewski and asbestosis in the case of Gray) at a date when INA was the carrier and prior to General Dynamics' assumption of the risk. The attempted distinction fails because we are presented with the same fact situation faced by this court in the Johansen award in *Cardillo*. 225 F.2d at 140–41. Johansen had been employed from 1942 to 1955 in a shipyard where he was exposed to loud noises. During that period his employer had three different compensation carriers. In January 1953, Johansen had noted a hearing impairment which persisted for several months. However, he was not advised that the impairment was work-related until September 16, 1953, only one week after the third carrier had accepted the risk. The Deputy Commissioner found the three carriers jointly, equally and severally responsible.[1] This court overturned the apportionment, holding the third insurer totally liable since it was the carrier who last insured the liable employer prior to the date the claimant became aware that he was suffering from an occupational disease. Id. at 145. Hence, under *Cardillo* the fact that the claimants had incurred the diseases prior to the date that General Dynamics became its own carrier is not pertinent. The key date is the time the claimant was made aware that his ailment was job-related and not the time that his health became impaired. In both these cases, General Dynamics was indisputably self-insured at this crucial date.

Petitioner also seeks to avoid *Cardillo* by urging that its rule only applies where successive employers are involved. The language of *Cardillo* we have quoted, *supra*, is not so limited. It squarely places liability upon the carrier who last insured the liable employer and General Dynamics admits it is the liable employer. Any possible doubt about this is dispelled by the fact that the Lebowitz award in *Cardillo* involved a single employer. 225 F.2d at 141–42.

It cannot be questioned that both Sobolewski and Gray were afflicted with their occupational diseases while INA was the carrier and that both continued to be exposed to asbestos fibers during the period of General Dynamics self-coverage. Thus, it might well appear at first blush that a more equitable solution to carrier liability would be an apportionment based upon the degree of infection and progression of the diseases during the respective periods of coverage by the carriers. As we have pointed out, however, the Johansen award involved substantially identical facts—claimant's loss of hearing progressed during a period of three successive carriers. The *Cardillo* court was fully aware of the problem. Judge Medina, who wrote for the court, recognized that, "it would be sheer folly to seek or expect to discover a formula devoid of any possibility of inequity or seeming injustice." 225 F.2d at 144. His conclusion that the last carrier bear the sole responsibility was grounded on two major considerations. The first was the great difficulty, if not practical impossibility, in determining with any degree of medical certainty: a) the time within which occupational diseases develop; b) the extent of damage at any particular date as the disease evolves; or c) the correlation of the progression of the disease with specific industrial experiences. There is nothing in the record before us to indicate that medical science has progressed to the point where any more precise calibration can be made.[2] Both Gray and Sobolewski had company sponsored physical examinations which indicated abnormalities, yet neither was advised by General Dynamics that they were actually or potentially subject to occupational disabilities.

---

1. The Benefits Review Board was created by the 1972 Amendment to the Act and review was set in the Courts of Appeals. Pub.L. 92–576 § 15, 86 Stat. 1261. Prior to the amendment, deputy commissioners issued compensation orders and initial review was in the district courts. Act of March 4, 1927, c. 509, § 21, 44 Stat. 1436.

2. See Solomons, Workers' Compensation for Occupational Disease Victims: Federal Standards and Threshold Problems, 41 Albany L.Rev. 195, 201–03 (1977).

Secondly, Judge Medina concluded that the answer to the question to be resolved was evident from the legislative history of the Act, which was fully discussed in his opinion. 225 F.2d at 145. That history revealed that Congress was not unaware of possible apportionment of liability among either employers or carriers. A suggestion was made by an employer representative that the Act should contain a provision limiting the proportion of the total award for which an employer could be liable to the same ratio as the extent of the damage incurred during the period worked for that employer bore to the total disability. It was acknowledged that otherwise the last employer would be liable for the full amount recoverable even though the length of employment was minimal. "Nevertheless, the Congress evidently declined to adopt the suggestion thus proffered; and it would seem a fair inference that the failure to amend was based upon a realization of the difficulties and delays which would inhere in the administration of the Act, were such a provision incorporated into it." Id. Judge Medina concluded that the same administrative considerations, such as the conjectural and unsatisfactory nature of medical estimates for occupational diseases, which persuaded Congress to adopt a different rule for employers than the one suggested, applied equally to carriers.

■ We see no reason now to depart from Judge Medina's searching and perceptive analysis in *Cardillo*. The Supreme Court has recently emphasized that, "[W]e must bear in mind that considerations of *stare decisis* weigh heavily in the area of statutory construction, where Congress is free to change this Court's interpretation of its legislation." *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 97 S.Ct. 2061, 2070, 52 L.Ed.2d 707 (1977). *Cardillo* has been the law of this Circuit for more than two decades; it has been followed by the Board; and we have found no contrary law in other circuits. During this long period of consistent judicial application, Congress has not

amended the Act to provide for a different rule.[3]

Petitioner having failed to distinguish *Cardillo*, we affirm the decisions of the Board.

---

3. Indeed, the *Cardillo* rule is the national rule as it is generally followed by the states. 4 A. Larson, Law of Workmen's Compensation § 95.21 (1976).